**Donald E. HANEY, Plaintiff,**

v.

**TIMESAVERS, INC., et al., Defendants.**

**Civ. Nos. 93–151–FR, 92–270–FR, 93–703–FR and 94–804–FR.**

United States District Court, D. Oregon.

Oct. 13, 1995.

David A. Fanning, Peter E. Heuser, M.H. Hartwell, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, OR, for Plaintiff.

James Campbell, Garth A. Winn, Klarquist, Sparkman, Campbell, Leigh & Whinston, Portland, OR, for Defendants.

FRYE, Judge:

The matters before the court are 1) Haney's motion for reconsideration (# 243); and 2) Haney's request for a special master (# 251).

## BACKGROUND

On August 9, 1995, this court entered an order denying all of the cross-motions for summary judgment filed by the plaintiff, Donald E. Haney, and by the defendant, Timesavers, Inc. In the opinion accompany-

ing the order, the court made the following analysis:

Haney's claims of infringement in this case center around the limitation found in claim 20 of Haney's '794 patent of "a double-drive mechanism interposed between and connecting the platen and frame, where the double-drive mechanism imparts at least one translational orbital movement superimposed on another movement to the platen relative to the frame...."

Timesavers argues that the proper construction of claim 20 of Haney's '794 patent cannot include Timesavers' sander, which contains an orbital motion and a second, reciprocating motion, because such claim construction would render Haney's patents invalid on the grounds that they are anticipated or made obvious by the prior art in the Peyches patents, the Bernstein patent, the Sherman patent, and the Meyer patent, which have all elements of Haney's patent and a platen motion which includes a translational orbital motion combined with other motions, such as oscillation, the translational and the transverse reciprocating motion found in Timesavers' sanders.

Haney argues that the Peyches patents, the Bernstein patent, the Sherman patent, and the Meyer patent are not prior art in that they do not disclose each and every element of Haney's patents.

The issues of claim construction, invalidity and infringement are interrelated because the resolution of each issue relies upon a factual determination of prior art. The court must construe Haney's claims narrowly if necessary to sustain their validity. *See Wilson Sporting Goods [v. David Geoffrey & Assoc.,]* 904 F.2d [677] at 684 [ (Fed.Cir.1990) ]; *Lewmar Marine, Inc. v. Barient, Inc.,* 827 F.2d 744, 749 (Fed.Cir.1987); and *ACS Hosp. Sys., Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1577 (Fed.Cir.1984).

In *Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559 (Fed.Cir.1992), the court stated:

A party asserting that a patent claim is anticipated under 35 U.S.C. § 102 "must demonstrate, among other things, identity of invention." Identity of invention is a question of fact, and one who seeks such a finding must show that each element of the claim in issue is found, either expressly or under principles of inherency, in a single prior art reference, or that the claimed invention was previously known or embodied in a single prior art device or practice.

*Id.* at 1565 (citation omitted). While claim interpretation is a question of law for the court, the determination of prior art is an underlying question of fact upon which proper claim construction, which is a question of law, must rely.

There is a genuine issue of material fact in this record as to whether the prior art relied upon by Timesavers discloses each and every element of the claimed invention in each reference. Once a determination is made as to whether Haney's claims should be construed as broadly as Haney contends with no limitation because of prior art or as narrowly as Timesavers contends because of prior art, there would be no further factual issue regarding infringement.

The court concludes that the record does not support judgment as a matter of law for either party. The genuine issue of material fact relates to proper claim construction and must be resolved by the court as a matter of claim construction.

The parties may request within thirty days the appointment of a Special Master to resolve this factual matter. If no request is made within thirty days, the court will schedule an evidentiary hearing to resolve this factual matter.

Opinion, pp. 10–12.

## CONTENTIONS OF THE PARTIES

Haney moves the court to reconsider its ruling requiring an evidentiary hearing prior to interpreting the limitations of claim 20 of the '794 patent at issue in this case. Haney contends that the Federal Circuit has heretofore ruled that the court must engage in a literal interpretation of the limitations of claim 20, and that this court was in error in finding that an evidentiary hearing regarding prior art is required in order to engage in a literal interpretation of claim 20 of the '794 patent. Haney argues that the court should

interpret the limitations of claim 20 of the '794 patent to mean what they say and should not add limitations to the language of claim 20 in an attempt to save claim 20 from being invalid.

Timesavers argues that the Federal Circuit has not made a ruling as to the proper construction of claim 20 of Haney's '794 patent in light of the prior art, and that it is proper for this court to conduct a factual inquiry into the prior art before determining the proper interpretation of Haney's asserted claims. Timesavers argues that in order for the court to properly interpret Haney's claims, it is appropriate for the court to consider extrinsic evidence of the prior art in an attempt to interpret claim 20 so as to preserve its validity.

## ANALYSIS

In this motion for reconsideration, Haney relies upon the recent Federal Circuit ruling in *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995), in which the Federal Circuit reviewed past cases and made clear that the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law for the court. *Id.* at 978. In *Markman,* the Federal Circuit stated that, while a court may consider extrinsic evidence in determining the proper interpretation of the claim, "[e]xtrinsic evidence is to be used for the court's understanding of the patent, not for the purpose of varying or contradicting the terms of the claims." *Id.* at 981. The Federal Circuit stated that "[a]lthough the prosecution history can and should be used to understand the language used in the claims, it too cannot 'enlarge, diminish, or vary' the limitations in the claims." *Id.* at 980.

The Federal Circuit has concluded in this case that claim 20 is "limited to a double-drive mechanism which functions to impart the two described motions." *Haney v. Timesavers, Inc.,* No. 94–1287, slip op. at 6 1995 WL 55280 (Fed.Cir. Feb. 10, 1995). The language in dispute here appears in the limitation found in claim 20 of Haney's '794 patent of "a double-drive mechanism interposed between and connecting the platen and frame, where the double-drive mechanism imparts at least one translational orbital movement superimposed on another movement to the platen relative to the frame."

The parties agree that "the double-drive mechanism imparts at least one translational orbital movement" in the Timesavers' machine, and that the Timesavers' machine superimposes a second reciprocating motion. Claim 20 of Haney's patent adds the phrase "superimposed on another movement to the platen relative to the frame."

Timesavers has maintained throughout this litigation that the language in claim 20 "superimposed on another movement" cannot cover a second reciprocating motion because such a motion is found in prior art devices. However, the court must interpret the language "another movement" to include a reciprocating movement as a matter of law.

"[T]he words of a claim are generally given their ordinary and accustomed meaning, unless it appears from the specification or the file history that they were used differently by the inventor." *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.,* 15 F.3d 1573, 1577 (Fed.Cir.1993). While the court recognizes the general rule that it is appropriate to interpret claims narrowly if necessary in order to sustain their validity, in this case Timesavers is asking the court to interpret the term "another movement" to mean "another movement but not one with a reciprocating motion." To interpret a claim in a manner which would diminish or vary the claim language in order to sustain the validity of the claim would destroy the certainty that the patent statutes provide to the public. In *Markman,* the court explained:

> [I]t is only fair (and statutorily required) that competitors be able to ascertain to a reasonable degree the scope of the patentee's right to exclude. They may understand what is the scope of the patent owner's rights by obtaining the patent and prosecution history—"the undisputed public record"—and applying established rules of construction to the language of the patent claim in the context of the patent. Moreover, competitors should be able to rest assured, if infringement litigation occurs, that a judge, trained in the law, will similarly analyze the text of the patent and its associated public record and apply the

established rules of construction, and in that way arrive at the true and consistent scope of the patent owner's rights to be given legal effect.

52 F.3d at 978–79 (citations omitted).

■ While a court, where possible, construes the language of a claim to sustain the validity of the claim, it is not possible to sustain the validity of a claim where the court must read limitations into or out of the language of the claim.

■ The term "another movement" is a broad term and cannot be interpreted to exclude a reciprocating movement without varying the claim limitations. A reciprocating movement is another movement. "Another movement" is not a disputed technical term which is ambiguous as to its meaning. There is nothing in the specification or the file history which indicates that the words "superimposed on another movement to the platen relative to the frame" were meant to have a meaning other than the ordinary accustomed meaning. When this portion of claim 20 is so interpreted, claim 20 literally reads on Timesavers' Series O/B Sanders.

■ Upon reconsideration of its opinion filed on August 9, 1995, the court finds that is was error for this court to find that it must make a factual determination as to the prior art in order to interpret Haney's claims. The issues raised by Timesavers regarding prior art are relevant to the validity of the claims and not to the interpretation of the language of the claims. There is a genuine issue of fact as to the validity of Haney's claims in light of the prior art. A jury must decide whether Haney's claims are invalidated by the prior art.

### CONCLUSION

The court adheres to its order filed on August 9, 1995 denying the motions of all of the parties for summary judgment (# 159, # 175, # 186, # 191, # 213). Until the validity of Haney's patents is established, the court will not enter any order of patent infringement. The court has reconsidered its opinion of August 9, 1995. That opinion will be amended as set forth herein.

Haney's motion for reconsideration (# 243) is granted. Haney's request for a special master (# 251) is denied as moot.